464 F.2d 686
 UNITED STATES of America ex rel. Patrick J. GOMES, Appellant,
v.
STATE OF NEW JERSEY and Howard Yeager, the Principal Keeper
of the State Prison at Trenton, New Jersey.
 No. 72-1014.
 United States Court of Appeals,
 Third Circuit.
 Submitted Under Third Circuit Rule 12(6) June 23, 1972.
Decided July 12, 1972.
 
 Stephen Apollo, Asst. Deputy Public Defender, Newark, N. J., Stanley C. Van Ness, Newark, N. J., Public Defender for petitioner-appellant.
 David Noah Dubrow, Joseph P. Lordi, Essex County Prosecutor, Newark, N. J., for appellee.
 Before ALDISERT, JAMES ROSEN and HUNTER, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 Relator Patrick J. Gomes was convicted of manslaughter in the Essex County (New Jersey) Court, and was sentenced to imprisonment in the New Jersey State Prison for seven to nine years. His conviction was affirmed by the Appellate Division of the Superior Court of New Jersey, and the New Jersey Supreme Court denied certification. State v. Gomes, 57 N.J. 434, 273 A.2d 61 (1971). Thereupon relator filed the present petition for a writ of habeas corpus. Since the issues raised in the present petition have already been presented to the state courts, state remedies have been exhausted, as required by 28 U.S.C. Sec. 2254. Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967); cf. Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).
 
 
 2
 Relator contends that his identification at a preindictment "lineup" in the absence of counsel denied him his right to counsel under the Sixth Amendment, and that evidence of the identification should therefore have been excluded from his trial. He contends in addition that his in-court identification should have been excluded because it was tainted by the prior identification, which took place under circumstances that were unnecessarily suggestive.
 
 
 3
 The facts are these: On the night of January 21, 1968, relator and two companions were patrons of the Six Corners Tavern in Newark. While they were in the tavern, someone threw some beer which splashed several other patrons of the tavern, among them Victor Jeffries. Jeffries approached relator and the two companions and during the resulting altercation somebody slugged Jeffries. Sometime thereafter Jeffries died.
 
 
 4
 The bartender was making a sandwich in the kitchen during the scuffle, but returned from the kitchen as relator and the two companions left the tavern. He wrote down the license number of their car, and gave the number to the police. A call was sent out over police radio, and the three men were arrested in their car five blocks from the tavern, traveling faster than the posted speed limit.
 
 
 5
 The police returned to the tavern with the three arrested men, who were handcuffed, about half an hour after the slugging. About six patrons of the tavern were present, including Allen Rome. The six were asked, "Are these the ones?" Everyone responded in the affirmative. Then, in response to a police question, Rome picked out relator as the one who had done the actual slugging.
 
 
 6
 In his testimony at a hearing out of the presence of the jury, the witness Rome recounted the events at the tavern, including the identification of relator there, and identified relator in court as the one who slugged the decedent. Further questioning revealed that Rome had seen relator for a considerable time in the tavern prior to the slugging; that he had seen the motion of the fatal punch although he had not seen the punch land because a pole was in the way; that after the slugging he saw that the man who had thrown the punch was relator; and that after the punch the relator yelled "knockout" and left the tavern. The trial judge held that the identification in the tavern would be admissible at trial, along with the in-court identification.[1]
 
 
 7
 Since this appeal has been pending, the Supreme Court has decided Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). That case held that the Sixth Amendment right to counsel at lineups, recognized in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), does not extend to those lineups that take place prior to commencement of "adversary judicial criminal proceedings." 406 U.S. at 682, 92 S.Ct. 1877.[2] Because Kirby has thus limited Wade, and because in the present case formal proceedings against relator had not begun at the time of the out-of-court identification, relator had no right to counsel at the identification. Therefore we have no reason to decide whether the identification was a proper on-the-scene identification within the scope of United States v. Gaines, 450 F.2d 186, 196-198 (3d Cir. 1971).
 
 
 8
 Even though relator had no right to counsel at his on-the-scene identification, that identification nevertheless should have been excluded from his trial if it was carried on in a manner that was "unnecessarily suggestive and conducive to irreparable mistaken identification." Kirby v. Illinois, supra, 405 U.S. at 691, 92 S.Ct. at 1883, citing Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969). We have examined the record with care and we are convinced that the identification of relator in the tavern was not unnecessarily suggestive or conducive to misidentification. Thus admission of the identification at relator's trial was not improper. See Stovall v. Denno, supra; United States v. Gaines, supra.
 
 
 9
 Relator's final argument is that his identification by the witness Rome in court was improper since it was "tainted" by the identification in the tavern and by Rome's exposure to relator's photograph prior to the trial. Because we hold that the identification in the tavern was not improper, we need not consider whether the in-court identification was "tainted" by that identification. Rome's testimony at the pretrial hearing established, however, that his in-court identification was not based on the lineup or upon the photograph, but was based upon his observations of relator prior to and during the time that the slugging took place. There was no "taint."
 
 
 10
 The District Court's order dismissing the petition will be affirmed.
 
 
 
 [1]
 The witness Rome had also identified the relator from photographs, but the trial judge excluded evidence of the photographic identification. He found, however, that Rome's in-court identification was not "tainted" by the photographic identification, but instead rested upon an independent basis
 
 
 [2]
 Although only four justices joined in the opinion of Justice Stewart, who announced the result, the opinion of Justice Powell, who concurred in the result, indicates his agreement with this reading of Kirby