**UNITED STATES of America,
Appellee,**

v.

**Tyrone Alexander SAVAGE, Appellant.**

**No. 72–1045.**

United States Court of Appeals,
Third Circuit.

Argued Oct. 17, 1972.

Decided Dec. 15, 1972.

Julius E. Fioravanti, Philadelphia, Pa., for appellant.

Jeffrey M. Miller, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before GIBBONS and JAMES RO-SEN,* Circuit Judges and LAYTON, Senior District Judge.

## OPINION OF THE COURT

LAYTON, District Judge.

This is an appeal by defendant from his conviction for bank robbery in the United States District Court for the Eastern District of Pennsylvania. Three assignments of error are made. First, the admission over objection of the record of defendant's prior state court conviction for aggravated rape [1] which had been set aside and a new trial granted shortly after a certified copy thereof was obtained for use at this trial; second, the identification of defendant by a bank employee at a "show-up" where defendant was unrepresented by counsel; third, insufficiency of the evidence to support the verdict.

A recitation of the basic facts will prove illuminating. On January 20, 1970, in broad daylight, four armed blacks entered the federally insured Central Penn National Bank at Broad and Glenwood Streets in Philadelphia, held up a teller or tellers and fled with about $7500 in cash. An alert management trainee of the bank, who already had a good view of all the robbers, including the defendant, observed their departure in a Pontiac car. His description of the robbers, their car and its license number was immediately phoned to the police, placed on a citywide police broadcast and within minutes of the radio alert, the getaway car, with four blacks inside, was observed by a motorized policeman, its license number verified and chase given. In short order, this car was forced into a telegraph pole, three blacks escaped therefrom and the fourth, this defendant, taken into custody as he backed out of the car holding a sawed-off shotgun in one hand and, in the other, a paper bag containing the stolen cash. Defendant was forthwith taken by several officers to the nearest detective division but, almost simultaneously with their arrival, a telephone call was received directing them to return the defendant to the scene of the crime where, within less than a half hour of the robbery, he was "99 percent" identified by the management trainee who had observed the robbery and flight. At trial, Mrs. Murdock, a teller, testified defendant was "one of the first two men that came in [the bank]." The management trainee said he was "99% sure he (Savage) seems to be the gentleman with the shotgun" and a bank guard, Mulkern, testified "Mr. Savage was the man with the shotgun." An F.B.I. agent testified defendant orally confessed his part in the robbery to him. A portion of the money (bait money) in defendant's possession when apprehended was positively identified as having been stolen from the bank less than one half hour before.

■ ■ Defendant's first contention that he was deprived of his 6th Amendment right to counsel at the "show-up" shortly after the event can be readily disposed of. On the scene confrontations shortly following a crime have consistently been upheld by the courts. United States v. Gaines, 450 F.2d 186 (3rd Cir. 1971). Concededly, as defendant argues United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), did hold that a defendant was entitled to counsel at a post-indictment lineup. But the "show-up" here was not a post-indictment confrontation. It happened in the very early stages of a routine, police investigation. There had been no formal charge, preliminary hearing, indictment information or arraignment. Until taken to the bank, defendant had not even been identified as a participant. And even accepting defendant's scarcely credible version of the

---

* Judge Rosen participated in the conference following the argument of this case but died before this opinion was filed.

1. Admitted in accordance with the long-settled rule of this Court for the sole purpose of challenging credibility of the defendant.

affair,[2] *Wade* would be no authority for his position. In our judgment, the facts here are governed by Kirby v. Illinois, 406 U.S. 682, 690, 92 S.Ct. 1877, 32 L. Ed.2d 411 (1972). And see United States ex rel. Gomes v. New Jersey, 464 F.2d 686 (3rd Cir. 1972). We can see nothing otherwise "unnecessarily suggestive and conducive to irreparable mistaken identification" about the manner in which the "show-up" was conducted. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). Defendant's constitutional rights were not infringed.

Next, defendant argues that his conviction should be reversed because, over objection, a certified copy of the record of his state court conviction for rape was placed before the jury whereas, in fact, his conviction had been set aside just prior to this trial. It is axiomatic that the use of invalid prior convictions is error. Gilday v. Scafati, 428 F.2d 1027 (1st Cir. 1970); Burgett v. Texas, 389 U.S. 109, 115, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). But the facts of the instant case are most unusual. Here the United States Attorney had directed the F.B.I. to secure a certified copy of defendant's conviction for use at trial several weeks prior to the trial date. This was done. At trial, the United States Attorney, at side bar, advised the Court and defense counsel that he intended to offer this record into evidence in accordance with the settled rule of this Circuit, United States v. Montgomery, 126 F.2d 151, 155 (3rd Cir. 1942). Defense counsel objected perfunctorily, citing no reason therefor. Under the circumstances, the trial judge properly overruled the objection advising the jury that the admission of the record was for the sole purpose of challenging defendant's credibility. Thereafter, on cross examination, it was brought out that just two days prior to this trial, the state court had set aside defendant's former conviction and nolle prossed the proceeding. This occurrence placed the trial judge in a quandary. Under the facts, we think he acted properly in denying a mistrial and promptly instructing the jury that defendant stood before them as a person without a previous criminal record and that they should ignore the fact of the erroneous prior conviction in their deliberations. Again, during the charge he repeated this warning. The United States was certainly innocent of any blame in this connection. If anyone was at fault, it was. defense counsel in failing to check with his client at the time the record of the previous conviction was proposed to be offered at side bar. Had he done so, this entire occurrence could have been avoided. Under all the circumstances, as well as the overwhelming evidence of defendant's guilt, we affirm the trial judge's denial of a mistrial. See Kotteakos v. United States, 328 U.S. 750, 764–765, 66 S.Ct. 1239, 90 L.Ed.2d 1557 (1945).

The final point that there was insufficient evidence to sustain a verdict of guilt is scarcely worthy of comment. No reasonable person can read the record of this trial without concluding not only that there was sufficient evidence to sustain the verdict but that defendant was guilty as charged. In fact, were it necessary so to find, we are of the opinion that the evidence is so strong as to demonstrate defendant's guilt beyond any reasonable doubt.

The conviction below will be affirmed.

---

2. He was not one of the bank robbers but was arrested that night, taken to the police station and questioned for ten minutes. He was fingerprinted, over his objection his picture was taken by a newspaper reporter and "immediately after that, I was taken to the bank" for the purpose of a "show-up." (Transcript P. 487). While at the bank he was handcuffed, as he had been since his arrest, and employees were asked if he was one of the men involved in the hold-up. The two who positively identified him at trial, Mrs. Murdock and Mulkern, were not then present, but Coleman, the trainee, "99%" identified him. None of the other employees were able to identify defendant at the "show-up."