

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-11-2007

# Govt of VI v. Garcia

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4422

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Govt of VI v. Garcia" (2007). *2007 Decisions*. Paper 1110.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1110

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4422

GOVERNMENT OF THE VIRGIN ISLANDS

v.

JULIO ORTIZ GARCIA
Appellant

On Appeal From the District Court of the
Virgin Islands, Division of St. Croix, Appellate Division
(D.C. Crim. Action No. 05-cr-00018)
Hon. Raymond L. Finch, Chief District Judge
Hon. Curtis V. Gomez, District Judge
Rhys S. Hodge, Territorial Judge

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 8, 2007

BEFORE: SLOVITER, STAPLETON and
VAN ANTWERPEN, Circuit Judges

(Opinion Filed May 11, 2007)

OPINION OF THE COURT

STAPLETON, Circuit Judge:

I.

Appellant Julio Ortiz Garcia was convicted of attempted rape in the first degree (Count 1), two counts of rape in the first degree (Counts 2 and 3), unlawful sexual conduct in the first degree (Count 4), kidnapping for rape (Count 5), and two counts of child abuse (Counts 6 and 7). These convictions arose from a series of events on the same day involving a 15- year-old female victim. Garcia also had a prior conviction for rape of a three-year-old victim. The Superior Court imposed a 25-year sentence on Count 1, a 99-year sentence on Counts 2 and 3, a 25-year sentence on Count 4, a 99-year sentence on Count 5, and a 20-year sentence on Counts 6 and 7. The sentences on Counts 1 through 4 are to run concurrently, as are the sentences on Counts 5 through 7. Garcia can thus be required to serve two consecutive sentences of 99 years each for rape in the first degree and kidnapping with the intent to rape.

Garcia argues before us that the Appellate Division erred in affirming the Superior Court's (1) denial of his motion to suppress the victim's out-of-court and in-court identifications of him, and (2) rejection of his contentions that the sentences imposed violated both the Eighth Amendment's prohibition against cruel and unusual punishment and the Fifth Amendment's protection against multiple punishments for the same offense. In his informal *pro se* brief, Garcia also insists that there was insufficient evidence to support the rape convictions. We will affirm the judgment of the Appellate Division

2

essentially for the reasons given in its thorough opinion.[1]

## II.

As the Appellate Division noted, while the "show up" of Garcia was "suggestive," it is not at all clear that it was "unnecessarily suggestive" as those terms are used in *Neil v. Biggers*, 409 U.S. 188 (1972). Courts have consistently acknowledged the necessity of utilizing "show ups" under certain circumstances, despite their inherent suggestibility. *See Gov't of Virgin Islands v. Callwood*, 440 F.2d 1206, 1209 (3d Cir. 1971). We agree with the Appellate Division, however, that one need not resolve that issue in order to sustain the Superior Court's denial of Garcia's suppression motion. A pre-trial identification is suppressible only if it is *both* produced through an unnecessarily suggestive procedure *and* unreliable. *See Biggers*, 409 U.S. at 196-99.

The "show up" identification of Garcia bore many and strong indicia of reliability. Garcia lived next door to the victim and she had seen him on numerous occasions. She had an ample opportunity to observe him during the perpetration of the crimes and provided police with a detailed and accurate description of him and his clothing prior to the "show up." The "show up" identification occurred just minutes after the crimes and was instantaneous and unequivocal.

---

[1] We do not agree, however, with the Appellate Division's apparent suggestion that concurrent sentences for the same offense do not violate the Double Jeopardy Clause, *see Ball v. United States*, 470 U.S. 856 (1985). But that suggestion is not essential to its holding that Garcia's rights under the Double Jeopardy Clause have not been violated.

Under these circumstances, the Superior Court did not err in denying suppression of both in- and out-of-court identifications.  *See, e.g., United States ex rel. Gomes v. State of New Jersey*, 464 F.2d 686, 687-88 (3d Cir. 1972).

III.

As we recently observed in *United States v. MacEwan*, 445 F.3d 237 (3d Cir. 2006):

> When evaluating proportionality challenges to sentences under the Eighth Amendment, courts must examine three factors:  (1) "the gravity of the offense and the harshness of the penalty"; (2) "the sentences imposed on other criminals in the same jurisdiction"; and (3) "the sentences imposed for commission of the same crime in other jurisdictions."  *Solem*, 463 U.S. at 290-292, 103 S. Ct. 3001.  When conducting this analysis, this Court has recognized that we "'should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes.'"  *Rosenberg*, 806 F.2d at 1175 (quoting *Solem*, 463 U.S. at 290, 103 S. Ct. 3001).
>
> This principle of substantial deference therefore "restrains us from an extended analysis of proportionality save in rare cases."  *Id.* (quoting *Solem*, 463 U.S. at 290 n.16, 103 S. Ct. 3001).  Consequently, in assessing such a challenge, the first proportionality factor acts as a gateway or threshold.  If the defendant fails to show a gross imbalance between the crime and the sentence, our analysis is at an end.  We, therefore, must focus upon whether MacEwan's is "the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality."  *Ewing*, 538 U.S. at 30, 123 S. Ct. 1179 (quoting *Hamelin*, 501 U.S. at 1005, 111 S. Ct. 2680 (Kennedy, J.))

*Id.* at 247-48.

All of the sentences imposed on Garcia were within the range authorized by the Virgin Islands legislature.  Virgin Islands law, for example, authorizes a sentence of life

4

imprisonment or imprisonment for any term of years for the crime of rape in the first degree when the defendant, like Garcia, has an earlier rape conviction. 14 V.I.C. § 1701. Moreover, given the character of the offense, the age of the victim, and the fact that these crimes occurred less than seven months after his release from the prison sentence imposed for his prior rape, we, too, conclude that there is no "gross disproportionalty" between the gravity of Garcia's offenses and the harshness of the penalty.

IV.

Whether two statutes constitute the same offense for double jeopardy purposes is based not on whether the charges result from the same conduct but, rather, whether each requires proof of the same elements under the test articulated in *Blockburger v. United States*, 284 U.S. 299 (1932). As the Appellate Division persuasively explains, each of the crimes alleged here requires proof of at least one element not required to prove another of the alleged crimes.

V.

Corroboration of the victim's testimony is no longer required in rape cases under Virgin Islands law, and the evidence at trial provides ample support for the rape convictions.

VI.

We will affirm the judgment of the Appellate Division and will grant the motion of appellant's counsel to withdraw. *See Anders v. California*, 386 U.S. 738 (1967).

5