Commonwealth *v.* Spanos, Appellant.

Argued October 4, 1950. Before RHODES, P. J., RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (HIRT, J., absent).

*Harry Irwin Glick*, for appellant.

*Leo J. Kelly, Jr.*, Assistant District Attorney, with him *William S. Rahauser*, District Attorney, for appellee.

OPINION BY ARNOLD, J., November 14, 1950:

Appellant was convicted of soliciting one Charles Pelcharsky to commit embracery.

The defendant, Spanos, operated a restaurant in Elizabeth, Allegheny County, with a liquor license and

pin ball machines. Charles Pelcharsky, a young married man, was a senior in the University of Pittsburgh, and had known Spanos for nine or ten years. His mother was employed by Spanos. Pelcharsky's wife was the daughter of one Nolder, who had been called as a prospective juror in the case of Commonwealth v. Husick, a bank burglary case in the criminal courts of Allegheny County.

On May 23, 1949, Pelcharsky was in the defendant's restaurant. Spanos told Pelcharsky that Nolder (Pelcharsky's father-in-law) was to be on the jury panel called in the Husick criminal case. Spanos stated that he had a call from his lawyer, who was very influential, and that if Nolder would see the case in the proper way, the lawyer would do something for Nolder. He also stated that the lawyer wanted to know if Nolder "could be persuaded on the case."

The defendant admitted that he received a telephone call from the lawyer, but claimed that all the lawyer wanted was to "find out what kind of a fellow the juror in question was"; and admitted that the juror lived in Elizabeth where his restaurant was located. He also admitted that he talked to Pelcharsky, inquired concerning the kind of fellow Nolder was, and that he wanted to know from Pelcharsky "if we could get to him." Spanos testified that all this talk was entirely innocent and was merely a start toward a proper investigation of a prospective juror.

The refusal of the court below to sustain defendant's demurrer to the evidence cannot be reviewed on appeal where the defendant offers evidence: *Commonwealth v. Ott,* 154 Pa. Superior Ct. 647, 36 A. 2d 838; *Commonwealth v. Heller et al.,* 147 Pa. Superior Ct. 68, 24 A. 2d 460. Nor was the defendant entitled to a directed verdict if the jury believed the witness, Pelcharsky, and the defendant's confession.

The defendant's confession was clearly admissible. The corpus delicti was amply proved by the evidence of Pelcharsky alone. Nor do we agree with appellant's contention that the evidence against him was circumstantial. It was direct.

Lastly, it appeared that the witness, Pelcharsky, on direct examination, had tried to testify to the meaning or implications of the defendant's conversation with him. The defendant's objection to this form of question and answer was sustained. But when defendant's counsel undertook to cross-examine the witness he asked: "Do you want to tell us now that he, Mr. Spanos, *wanted* you [Pelcharsky] to talk to your father-in-law [Nolder] about the Husick case? A. I think that is what he implied." (Italics supplied). The answer of the witness on cross-examination was responsive to the defendant's inquiry. The defendant was not entitled to have the answer stricken from the record for obviously the cross-examiner inquired about the state of mind of the witness. It makes no difference that Spanos did not, in so many words, ask the witness to get his father-in-law to vote the right way.

Judgment of sentence affirmed, and it is ordered that the appellant appear in the court below at such time as he may there be called, and that he be by that court committed until he has complied with his sentence, or any part of it which had not been performed at the time this appeal was made a supersedeas.