Commonwealth *v.* McLaughlin, Appellant.

Argued September 26, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*John V. Diggins,* for appellants.

*William A. Burns,* with him *C. William Kraft, Jr.,* District Attorney, for appellee.

OPINION BY ARNOLD, J., March 12, 1951:

Defendants severally appeal from summary convictions for violation of a building ordinance of Upper Darby Township, Delaware County. The cases will be disposed of in one opinion.

The ordinance in question, as amended in 1948, requires that all dwellings have a minimum of 384 square feet of space on the first floor. "House trailer" is defined as "Any vehicle [used] for living or sleeping purposes." If so used "for . . . more than thirty (30) days in any . . . year [it would] be considered as a single-family dwelling . . ."

Defendants' house trailers were used for living and sleeping purposes for more than thirty days in one year and admittedly did not possess the minimum area on the first floor.

The defendants complain that their demurrers to the Commonwealth's evidence should have been sustained. The refusal to sustain the demurrers cannot be reviewed on appeal where the defendants offer evidence: *Commonwealth v. Spanos,* 167 Pa. Superior Ct. 629, 76 A. 2d 243, and the cases therein cited. It is true that the evidence of the Commonwealth was somewhat shadowy as to the floor space of the respective house trailers, but the defendants offered evidence which clearly showed that the trailers in question did not have the required area.[1] The defendants' demurrers having been overruled, the question of the sufficiency of the

---

[1] Defendants' testimony was clear and explicit that no house trailer is built containing 384 square feet of floor space.

evidence to convict must be based upon the whole record, including the evidence of the defendants.

Most of the contentions of the appellants were ruled adversely in *Lower Merion Township v. Gallup,* 158 Pa. Superior Ct. 572, 46 A. 2d 35; allocatur denied by the Supreme Court; certiorari denied by United States Supreme Court, 67 S. Ct. 92, 329 U. S. 669, 91 L. ed. 591. In that case this Court held that a house trailer was simply a mobile house. Therefore the contention that the building ordinance of Upper Darby Township cannot be applied to house trailers must be overruled. The township is not bound to exempt house trailers from the requirements applicable to ordinary dwellings. In the *Gallup* case it was impossible for house trailers to conform to the building ordinance but the legislation was sustained.

The ordinance in question was authorized by the Act of June 24, 1931, P. L. 1206, 53 PS §19092-1502, XVIII, which gave to townships of the first class power to "make regulations for the construction of new buildings . . . and to require that before the work begins municipal approval of the plans and specifications" shall be secured; and "to classify buildings . . . according to the use to be made of them; [and] to specify the mode of construction of such different classes of buildings . . ." The provision of the ordinance prescribing a minimum area for the first floor is within the purview of the Act in question. It tends, even though imperfectly, to prevent over-crowding of dwellings. The ordinance was enacted by virtue of the power delegated by the Act, and constitutes "a law which purports to be an exercise of the police power . . . and the means which it employs . . . have a real and substantial relation to the object sought to be attained": *Howarth et ux. v. Gilman et al.,* 164 Pa. Superior Ct. 454, 460, 65 A. 2d 691, 365 Pa. 50, 73 A. 2d 655. The de-

termination of the matters in question constitutes a legislative or executive matter, and the presumption is established that these officials act lawfully in the exercise of their discretion: *Breinig et ux. v. Allegheny County et al.,* 332 Pa. 474, 2 A. 2d 842. We cannot say that the exercise of the police power in this ordinance is manifestly unreasonable, arbitrary or discriminatory, nor that the actions of the officers were patently unreasonable or oppressive. The declaration in the ordinance that house trailers should be considered as dwelling houses if so occupied for thirty days was also sustained in the *Gallup* case.

In *Spitler v. Town of Munster et al.* (Ind.) 14 N. E. 2d 579, an ordinance requiring that sleeping rooms contain 500 cubic feet of space for each person housed, was sustained. It takes little imagination to understand that if the ordinance prescribes the minimum floor space in square feet, the approximate cubic content is easily ascertainable. "It is our duty, instead of defeating the purpose of an ordinance and vitiating it, to resolve any doubt in regard to its construction in favor of its validity": *Commonwealth v. Schaeffer,* 98 Pa. Superior Ct. 265, 269.

The respective judgments are affirmed.