Commonwealth *v.* Turner, Appellant.

Submitted November 8, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*David Zwanetz,* for appellant.

*Maxine J. Stotland* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE JONES, January 24, 1974:

On May 8, 1967, a cabdriver was robbed at approximately 10 p.m., at 32nd and Pearl Streets in Philadel-

phia by two men. Following the robbery, the cabdriver left his cab and within minutes found the police, who broadcast that a robbery had occurred. While the cabdriver was in the police car giving the description of the two robbers he heard a broadcast that two men had been apprehended one block from the scene of the robbery.[1] A minute or two later a police car arrived with the two men in the rear seat and the cabdriver positively identified them as his assailants. One of these two men was the appellant, Edward Lee Turner.

Appellant was tried on August 23, 1967 in the Court of Common Pleas of Philadelphia on charges of playfully and wantonly pointing a firearm, carrying a concealed deadly weapon and aggravated robbery. The trial judge, sitting without a jury, convicted appellant on all counts and sentenced him to 7½ to 15 years imprisonment on the aggravated robbery charge.[2] No direct appeal was taken. Subsequently, a PCHA petition was filed and a hearing was held on January 27, 1972, at which time appellant was granted the right to file an appeal as though timely filed.[3] On appeal to the Superior Court, the judgment of sentence was affirmed, per curiam. We granted allocatur and this appeal followed.

Appellant claims that he was denied due process of law in that he was subjected to a prompt on-the-scene one-on-one identification, which was introduced by the prosecution at the trial. Specifically, appellant contends that being taken by the police to the cabdriver for identification and being viewed in the rear seat of the police car was overly suggestive and prejudicial.[4]

---

[1] An officer, who heard the announcement of the robbery, observed two men at 33rd and Pearl Streets and stopped them.

[2] Sentence was suspended on the other two indictments

[3] Post-conviction relief was otherwise denied.

[4] "'This is a recognized ground of attack, independent of any right to counsel claim." *Commonwealth v. Marino*, 435 Pa. 245, 255 A. 2d 911 (1969).

Evidence of identification should not be received at trial if the circumstances of the pretrial confrontation were so infected by suggestiveness as to give rise to an irreparable likelihood of misidentification, *Stovell v. Denno*, 388 U.S. 293 (1967). *See also Coleman v. Alabama*, 399 U.S. 1 (1970); *Foster v. California*, 394 U.S. 440 (1969); *Simmons v. United States*, 390 U.S. 377 (1968); *Commonwealth v. Mackey*, 447 Pa. 32, 288 A. 2d 778 (1972); *Commonwealth v. Williams*, 440 Pa. 400, 270 A. 2d 226 (1970); *Commonwealth v. Marino*, 435 Pa. 245, 255 A. 2d 911 (1969). However absent some special elements of unfairness, we do not believe that prompt on-the-scene confrontations fall within this ambit of suggestiveness. We find support for this position in the opinions of the federal courts which hold that an in-custody-at-the-scene identification made shortly after the commission of the crime does not violate due process. *United States ex rel. Gomes v. New Jersey*, 464 F. 2d 686 (3d Cir. 1972); *United States v. Poe*, 462 F. 2d 195 (5th Cir. 1972); *United States v. Gaines*, 450 F. 2d 186 (3d Cir. 1971), *cert. denied*, 405 U.S. 927 (1972); *United States v. Perry*, 449 F. 2d 1026 (D.C. Cir. 1971); *United States v. Miller*, 449 F. 2d 974 (D.C. Cir. 1971); *United States v. Sanchez*, 422 F. 2d 1198 (2d Cir. 1970); *Harris v. Dees*, 421 F. 2d 1079 (5th Cir. 1970); *Russell v. United States*, 408 F. 2d 1280 (D.C. Cir. 1969), *cert. denied*, 395 U.S. 928 (1969); *Wise v. United States*, 383 F. 2d 206 (D.C. Cir. 1967), *cert. denied*, 390 U.S. 964 (1968). The *Russell* court, which fully discussed the opposing policy arguments, recognized the high degree of suggestiveness in confrontations where a single suspect is viewed in the custody of the police. However it decided that the reliability inhering in an immediate identification and the rapid release of a mistaken suspect outweighed the prejudice. We believe that the close proximity in time and place does greatly reduce the chance of misidenti-

fication and we agree that mistaken suspects ought not suffer the hardship and embarrassment inuring to protracted police custody. Furthermore, should the prompt on-the-scene confrontation fail to render a positive identification, the police may quickly resume their search for the guilty party.

In addition, we find no special elements of unfairness present in the instant identification procedure.[5] Appellant was apprehended near the scene of the robbery by a police officer responding to a radio broadcast which reported the crime. He was driven two blocks to be viewed by the cabdriver.[6] The cabdriver, who had seen the robbers face to face only minutes earlier, then made a positive identification without any suggestive questioning.[7] From the commission of the crime to the identification less than fifteen minutes had elapsed.[8]

---

[5] Appellant has argued that the radio broadcast, overheard by the cabdriver, had described the suspects and that these descriptions influenced the cabdriver's identification. A close reading of the record indicates that the broadcast information did not include a description of the men. The cabdriver testified that the robbery occurred under a street light and that he was able to see the robbers very well. To assign his identification to a description overheard in the police car would be unwarranted.

[6] *United States ex rel. Gomes v. New Jersey, supra, United States v. Perry, supra, Harris v. Dees, supra,* and *Russell v. United States* involve situations where the defendant was returned to the vicinity of the crime for identification. In *Gomes,* the defendant was among three handcuffed men led by police to the scene of a barroom fight, in which one man was killed, one and one half hours after the fight had ended. In *Perry,* the defendants, picked up one-half block from the scene of a robbery, were taken to the scene one and one-half hours after the crime was committed. In both *Harris* and *Russell,* police took robbery suspects to the scene of the crime for identification.

[7] The cabdriver testified concerning the nature of the identification: "They asked me were these the two fellows. And I said yes."

[8] In *Commonwealth v. Mackey,* 447 Pa. 32, 288 A. 2d 778 (1972), this Court disallowed an identification where the suspect was brought to the scene two months after the alleged offense.

Such a prompt identification of a freshly-caught suspect in the immediate vicinity of the crime does not amount to a denial of due process rights.[9]

Appellant also claims that he was denied effective assistance of counsel in that his trial counsel failed to move to suppress the identification in a timely manner and that when the motion was made it was presented in merely a perfunctory fashion. While it is true that counsel did not make a motion to suppress before trial, counsel did make a motion to dismiss after the identification was introduced. The motion was overruled. We cannot say that the failure to make a motion to suppress before trial under these circumstances amounts to ineffectiveness of counsel. Trial counsel did file a timely objection at trial and we will not second guess trial counsel's decision where it has some reasonable basis to effectuating his client's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d 349 (1967). Furthermore, as our holding here indicates, an objection at any stage would have been unpersuasive.

Finally, upon close examination of the record we find that counsel's efforts were hardly perfunctory. Counsel argued strenuously in appellant's behalf and his service to appellant fell within the standard set in *Maroney, supra.*

Judgment affirmed.

---

[9] Having found such a confrontation proper, "the reliability of the resulting identification is for the jury to decide." *Russell v. United States*, 408 F. 2d at 1285. It must be remembered that trial counsel for a defendant in such a matter has the opportunity to cross-examine the witness introducing the out-of-court identification in an effort to dissuade the jury from relying on that identification.