Commonwealth *v.* Mathis, Appellant.

Argued December 7, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

Before SMITH, JR., J.

*John W. Packel,* Assistant Defender, with him *Vincent J. Ziccardi,* Defender, for appellant.

*James Garrett,* Assistant District Attorney, with him *David Richman* and *James T. Ranney,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 3, 1974:

Appellant was indicted for aggravated robbery, burglary, and a violation of the Uniform Firearms Act. In December of 1972, he was tried before the Honorable Theodore B. SMITH, Jr., and a jury and found guilty on all indictments. Post-trial motions were denied on April 9, 1973, and, on the same day, sentences were imposed.

On May 24, 1972, at approximately 9:30 a.m., an armed robbery occurred at a check cashing establishment in Philadelphia. Five minutes after the robbers fled with a brown paper bag containing cash and rolls of coins the police arrived and obtained a description of the robbers from the victim. A bystander told the police that he had seen two Negro males in the area, one of whom was carrying a torn brown paper bag from which several rolls of coins were falling. The witness stated that he saw the two men enter a residence on a nearby street.

The police proceeded to the location and obtained permission from the owners to search the premises. The

officers found appellant and a co-defendant hiding in a coal bin in the basement. Appellant was arrested and taken to a police station where he was placed in an interrogation room shortly after 10:00 a.m., where he remained alone until 3:35 p.m. During this period, police investigators went to the residence and conducted a full search. They discovered a brown paper bag containing approximately $5,000.00 in cash and coins, several revolvers, ammunition, and clothing described as worn by one of the robbers. Detectives interviewed the owners of the premises who stated that appellant had been there in the morning, left for a short period of time and returned with a brown bag shortly before the police arrived. The owners denied that any of the articles found on the premises belonged to them or any member of their family.

At approximately 3:35 p.m., the detectives returned to the station and began interviewing appellant. He was given complete *Miranda* warnings and acknowledged a full understanding of his rights. A detective testified, and the court below found, that appellant told the officers that he did not wish to remain silent or speak to a lawyer. Immediately after the questioning began, appellant gave a detailed account of his participation in the robbery. Between 4:50 and 5:40 p.m. appellant was given a meal and permitted to use the bathroom, after which questioning resumed for 25 minutes.

Appellant filed a pretrial motion to suppress the statement given to the police, on the grounds that he was illegally arrested and that he did not validly waive his rights to assistance of counsel and to remain silent prior to being questioned by the police. The motion was denied. Appellant now contends,[1] on the basis of

---

[1] Appellant also contends that the trial judge did not give adequate clarifying instructions when requested by the jury to do so.

the interpretation of Pa. R. Crim. P. No. 118 in *Commonwealth v. Futch,* 447 Pa. 389, 290 A. 2d 417 (1972) and succeeding cases, that the statement should have been suppressed as the product of an unnecessary delay between his arrest and arraignment.[2]

The Commonwealth argues that appellant did not advance this argument in the court below and is precluded from raising the issue for the first time on appeal. However, as appellant did challenge the validity of the confession in his motion to suppress, albeit on a different theory, the contention is properly before this court. In *Commonwealth v. Wayman,* 454 Pa. 79, 309 A. 2d 784 (1973), the appellant's motion to suppress attacked the validity of his confession generally, without asserting an unnecessary delay as the basis for his motion. The Court held that the general attack on the validity of the confession was sufficient to preserve the question of the applicability of *Futch* on appeal.[3] 454 Pa. at 82, 83, n. 1.

The Commonwealth asserts that the delay in the instant case was not unnecessary.[4] We need not reach

---

The jurors, however, indicated that they were satisfied with the additional charge and we find no inadequacy therein. Appellant's contention that the trial judge's summary of the testimony was prejudicial is also without merit. The summary was fair and any omission therefrom was cured by the trial judge's repeated admonishment to the jurors that their recollection was controlling.

[2] Rule 118 provides: "When a defendant has been arrested without a warrant, he shall be taken without unnecessary delay before the proper issuing authority where a complaint shall be filed against him." Adopted January 31, 1970. Eff. May 1, 1970.

[3] This holding is in apparent conflict with *Commonwealth v. Scoggins,* 451 Pa. 472, 304 A. 2d 102 (1973) where the Court refused to consider a *Futch* issue for the first time on appeal, despite the fact that appellant had filed a pretrial motion to suppress a statement on the basis of lack of *Miranda* warnings and incompetency. See also *Commonwealth v. Eiland,* 450 Pa. 566, 301 A. 2d 651 (1973).

[4] The Commonwealth argues that the delay was necessary for the police to conduct a search of the premises and to interview the

this issue, however, for assuming that it was unnecessary, we hold that the delay herein bears no reasonable relationship to the obtaining of appellant's statement.

Initially, we note that *Futch* and its progeny do not require the suppression of all evidence obtained *during* an unnecessary delay. Our Supreme Court has ". . . made it clear '. . . that failure to comply with Rule 118 does not *ipso facto* render inadmissible evidence obtained by the police during the unnecessary delay and that it is incumbent upon the defendant to show some prejudice from the delay.' Futch did not . . . establish a per se rule that all evidence obtained during an unnecessary delay be excluded. It is only upon the defendant's showing of prejudice from the delay, i.e., a nexus between the delay and the challenged evidence that he is entitled to relief." *Commonwealth v. Tingle,* 451 Pa. 241, 244-245, 301 A. 2d 702 (1973).

Exact guidelines for determining a nexus or "reasonable relationship" [*Commonwealth v. Dixon,* 454 Pa. 444, 311 A. 2d 613, 615 (1973)] between the delay and the challenged evidence have not been established. The period of time between the arrest and the obtaining of the evidence in the cases finding a reasonable relationship was, however, considerably longer than that in the instant case. *Commonwealth v. Tingle,* supra (twenty-one hours); *Geiger Appeal,* 454 Pa. 51, 309 A. 2d 559 (1973) (twenty-four hours); *Commonwealth v. Wayman,* supra (twenty-four hours); *Commonwealth v. Dutton,* 453 Pa. 547, 307 A. 2d 238 (1973) (twelve

---

owners of the residence and their family. This further investigation was necessary, in part, to assure the police that appellant was not on the premises innocently. Since, however, the suppression hearing was not directly concerned with the violation of Rule 118, a complete factual development of the need for the delay is lacking. The difficulty of allowing different theories of suppression to be advanced on appeal is readily apparent as each theory may require substantially different factual development.

hours) ; *Commonwealth v. Futch,* supra (thirteen hours) ; *Commonwealth v. Dixon,* supra (fifteen hours) ; *Commonwealth v. Dickerson,* 226 Pa. Superior Ct. 425, 313 A. 2d 337 (1973) (eighteen hours).

More importantly, in each of these cases, the police exploited the long delays to obtain inculpatory evidence after repeated denials of guilt. Confessions were given only after intensive periods of questioning or the employment of psychologically coercive interrogation strategems. *Geiger Appeal,* supra (use of polygraph results) ; *Commonwealth v. Wayman,* supra (implication in crime by co-defendants) ; *Commonwealth v. Dixon,* supra (polygraph results).

The facts of the instant case stand in sharp contrast to those in the above cited cases. The time between the arrest and the confession was less than six hours. Appellant made no denials of guilt and was not subjected to a lengthy period of interrogation. The police employed no coercive tactics. Rather, appellant confessed immediately and without hesitation upon commencement of questioning. These facts simply do not support an inference of causation or prejudicial relationship between the delay and the inculpatory statement. The only similarity between the instant case and *Futch* and succeeding cases is the existence of a confession made during the delay. Given the Supreme Court's explicit and repeated rejection of a per se rule of exclusion under Rule 118, we hold that appellant has not shown prejudice due to the delay and that the challenged statement was properly admitted into evidence.

The judgments of sentence are affirmed.