Commonwealth *v.* Manns, Appellant.

Submitted March 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*J. Richard Oare, Jr.,* Assistant Public Defender, and *Richard D. Walker,* Public Defender, for appellant.

*Wallace B. Eldridge, III,* Assistant District Attorney, *Marion E. MacIntyre,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., June 21, 1974:

This is an appeal from the judgment of sentence entered against the defendant on a charge of aggravated robbery.

On October 9, 1972, shortly after William Wright had opened his store, a man entered and pushed what appeared to Mr. Wright to be a .45 caliber pistol into his stomach. After Mr. Wright wisely gave the culprit all his money, the man fled to a waiting vehicle which then drove away. Mr. Wright immediately gave chase in his son's car, but was unable to keep up with the getaway car. He then returned to his store where he gave the police a description of the getaway car and the number of men that were in it. Shortly thereafter the police discovered the car with three men inside parked on a street in the vicinity of the crime. The police searched the men and found almost the precise amount of money which had been taken from Mr. Wright, sixty-four dollars, which was found stuffed into the socks of one of the men. Mr. Wright witnessed this search. Subsequently, Mr. Wright also identified the men at a pre-trial line-up.

After the men were transported "downtown," the police returned to the scene of the arrest in order to impound the car. The police then noticed an object under the car, which they discovered to be a loaded .45

caliber pistol and an extra clip of bullets wrapped in an orange towel. On the basis of all this evidence, the jury found the defendant guilty of aggravated robbery.

The defendant raises two issues which merit some discussion: (1) Whether Mr. Wright's identification was tainted by his presence at the scene of the arrest; and (2) Whether a proper foundation was laid prior to admitting the pistol into evidence. We agree with the rulings of the lower court on both these questions and, therefore, affirm.[1]

The propriety of the "show-up" identification by Mr. Wright depends principally upon its proximity to the time and place of the crime. In *Russell v. United States,* 408 F. 2d 1280 (D.C. Cir. 1969), the court pointed out that this procedure allows the police to promptly determine whether they may be taking the wrong man into custody. As the court indicated, such situations are "wholly distinguishable" from the procedure ruled constitutionally defective in *Stovall v. Denno,* 388 U.S. 293 (1967). In the instant case, the arrest was made near the scene of the crime and within forty minutes of its occurrence. The police could reasonably seek this identification while the robbery was fresh in the victim's mind. Especially in light of the good opportunity that the victim had to observe his assailant, we do not find the identification herein to be improper.

The defendant also contends that the court erred in allowing the Commonwealth to admit into evidence the .45 caliber pistol which was found under the car some fifteen minutes after the police left the site of the arrest. During that fifteen minute period the car was

---

[1] The defendant also questions the sufficiency of the evidence because friends and members of his family provided him with an alibi. On the basis of the evidence presented in this case, the jury was not acting improperly when it chose to disbelieve these witnesses for the defendant. See, e.g., *Commonwealth v. Lees,* 199 Pa. Superior Ct. 383 (1962).

left unattended, therefor the defendant argues that a proper foundation was not laid. In *Commonwealth v. Ford,* 451 Pa. 81 (1973), the Supreme Court held that positive testimony linking the weapon to the crime is not required prior to its introduction into evidence. A lack of such testimony affects only the weight of the evidence, not its admissibility. See also *Commonwealth v. Ross,* 266 Pa. 580 (1920); *United States v. Gordon,* 455 F. 2d 398 (8th Cir. 1972); *United States v. Ramey,* 414 F. 2d 792 (5th Cir. 1969). In the instant case, Mr. Wright's testimony that the robber used a .45 caliber pistol in the hold-up, combined with the testimony that the weapon was found under the car in which the appellant had been riding only fifteen minutes after the police left the vehicle, constituted a sufficient foundation for admitting the pistol into evidence. The jury, in weighing the evidence, could consider the fifteen minute hiatus as an opportunity for someone other than appellant or his cohorts to dispose of the pistol in that fashion. The probability of that occurring was a problem for the fact-finder, not the court.

The judgment of sentence is affirmed.