Commonwealth *v.* Jones, Appellant.

Submitted September 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Maxine J. Stotland, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., December 11, 1974:

This is an appeal from the appellant's conviction on charges of aggravated robbery and burglary.

On April 20, 1973, a man entered Kelly's Restaurant at 8:45 P.M. and asked the cashier to change a five dollar bill. The cashier did this and the man left. Fifteen minutes later this same man again entered the restaurant and said to the cashier, while displaying a gun, "Give me your big money and don't scream." The cashier gave the man $265 and he left the restaurant. The cashier immediately notified the police. The cashier's husband who was also in the restaurant and observed the robbery followed the man and observed him running down Commerce Street. At this time two men who turned out to be plainclothes Philadelphia policemen were leaving a White Tower across the street, and the cashier's husband told them that Kelly's had been robbed. They observed the man running down Commerce Street and upon apprehending him found a gun in his belt and $265 in his pocket. They then brought the man back to Kelly's where the cashier's husband positively identified him.

This identification is the basis of the first issue raised in the appellant's appeal. The Pennsylvania law concerning on-the-scene identifications is thoroughly and clearly set out in the recent case of *Commonwealth v. Turner,* 454 Pa. 520, 523-524, 314 A.2d 496 (1974). "Evidence of identification should not be received at trial if the circumstances of the pretrial confrontation were so infected by suggestiveness as to give rise to an irreparable likelihood of misidentification, Stovall v.

Denno, 388 U.S. 293 (1967). [Additional citations omitted.] However *absent some special elements of unfairness* [emphasis added], we do not believe that prompt on-the-scene confrontations fall within this ambit of suggestiveness. We find support for this position in the opinions of the federal courts which hold that an in-custody-at-the-scene identification made shortly after the commission of the crime does not violate due process. [Citations omitted.] The Russell court [Russell v. United States, 408 F.2d 1280 (D.C. Cir. 1969)] . . . recognized the high degree of suggestiveness in confrontations where a single suspect is viewed in the custody of the police. However it decided that the reliability inhering in an immediate identification and the rapid release of a mistaken suspect outweighed the prejudice. We believe that the close proximity in time and place does greatly reduce the chance of misidentification and we agree that mistaken suspects ought not suffer the hardship and embarrassment inuring to protracted police custody. Furthermore, should the prompt on-the-scene confrontation fail to render a positive identification, the police may quickly resume their search for the guilty party."

The appellant does not dispute the Turner rule but feels that in this case there are several "special elements of unfairness" which result in a violation of the appellant's right to due process. First the appellant contends that the arresting officer might have been holding in his hand the gun taken from the appellant when the appellant was taken back to Kelly's for identification. The basis for this claim is that during cross-examination of the cashier's husband at trial, he stated that the officer might have had the gun in his hand when he returned to Kelly's. But he was not certain of this and when later asked, "Did you see the gun at the same time you saw the defendant" he answered "I think I might have seen it *after* I said, "That's him." The

326

police officer's testimony on this point is set forth below.

"Q. Did you show it [the gun] to the people at the scene of the incident at Kelly's Restaurant?

"A. Yes, I guess I did.

"Q. When did you take the gun out?

"A. After they identified the defendant.

"Q. Now, are you sure you didn't walk up with the gun in your hand?

"A. Positive."

The police officer's positive testimony supports the cashier's husband's recollection that the gun was not displayed until after he made the identification. Moreover, even if appellant's contention had been established, it is doubtful if this fact could be considered as a "special element of unfairness."

The second element raised by the appellant is that this on-the-scene identification did not take place in the environment in which the robbery occurred. While the robbery occurred in the restaurant, the identification took place on the sidewalk outside the restaurant. In support of this the appellant cites *Commonwealth v. Mackey,* 447 Pa. 32, 36 (1972). This case does not support the appellant's contention since it deals with neither on-the-scene identification nor changes in environment.

The third and final "special element of unfairness" concerning the identification raised by the appellant is that the witness had a side view of the robber, but did not observe him from the front. In support of this element the appellant cites *Palmer v. Peyton,* 359 F.2d 199 (4th Cir. 1966). In the *Palmer* case, the person being identified had a heavy paper clothespin bag over his head during the commission of the crime. The difference between viewing a man with a bag over his head and viewing a man from the side in a well-lit restaurant is obvious and for this reason the *Palmer* case has no bearing on the present case.

For the above reasons we hold that the on-the-scene identification was void of any "special elements of unfairness" and therefore did not violate any of the appellant's constitutional rights.

The second question concerns the accidental viewing by the cashier and her husband of the appellant handcuffed to a police officer while being walked through the Police Administration Building. The cashier and her husband were at the Police Administration Building after the robbery to give their statements.

Because the on-the-scene identification was proper and in itself sufficient to identify the appellant beyond a reasonable doubt as the man who committed the robbery we need not consider the appellant's second question.

Judgment affirmed.