## In re McDowell

*Dale Reichley, Assistant District Attorney*, for Commonwealth.
*Arthur R. Sagoskin, Assistant Public Defender.*

*WALSH, J.*, November 15, 1976—Hugh F. McDowell, Jr., has appealed under the Juvenile Act[1] from a finding of delinquency and an order placing him on probation.

A petition was brought by a township police officer charging the child, then aged 14 years, 11 months, with the offenses of criminal mischief, simple assault, and resisting arrest. At a hearing on the petition, one Noël Moyer testified that on April 4 of this year at about 4:30 p.m. he noticed from his

---

1. Act of December 6, 1972, P.L. 1464, 11 P.S. §50-101 et seq.

living room window two youths walking down the street in a staggering manner. They proceeded to tear the mail boxes of two of the witness's neighbors off their posts and throw them on the lawns. Mr. Moyer phoned the police, who promptly responded. Descriptions of the youths and their direction of travel were given, and within minutes the officers returned with two boys who were identified by the witness as the persons he had observed.

Patrolman Brossman testified that he and another officer arrested the boys about a block and a half from the scene of the damage, in the direction indicated by the witness. After identification by Mr. Moyer, Hugh McDowell was driven to the police station where he attempted to flee. He was chased and caught. He asked permission to use the bathroom at the station and when he refused to come out after a reasonable time, the officer went to grab him by the arm. Hugh reacted with a painful kick to the officer's thigh and again attempted to flee. He was restrained after a struggle during which the boy threatened to kill the officer. Hugh did not testify.

Counsel has informed the court that the following matters will be argued on appeal: (1) Sufficiency of the evidence; (2) Federal or state jurisdiction over damage to mail boxes; (3) Suppression of the identification; (4) The refusal of a continuance.

## JURISDICTION

A Federal statute provides:

"Whoever willfully or maliciously injures, tears down or destroys any letter box or other receptacle intended or used for the receipt or delivery of mail or any mail route, or breaks open the same or willfully or maliciously injures, defaces or destroys any mail

deposited therein, shall be fined not more than $1,000 or imprisoned not more than three years." Act of June 25, 1948, 62 Stat. 779, as amended, 18 U.S.C.A. §1705.

A Commonwealth of Pennsylvania statute provides in part:[2] "A person is guilty of criminal mischief if he . . . (2) intentionally or recklessly tampers with tangible property of another so as to endanger person or property."

The facts of this case evidence violation of both of the quoted statutes. In United States ex rel. Helwig v. Klopfinstrin, 137 F. Supp. 214, (W.D. Pa. 1956), the court in an opinion by Chief Judge Gourley said:

"Under our dual system of State and Federal courts, questions are bound to arise as to the exercise of concurrent jurisdiction of each set of courts to the custody of a defendant who had violated the laws of each sovereign and subject him to its judicial process. Under the rule of comity, the sovereigns in effect have agreed that the one first acquiring custody of the defendant must be permitted to exhaust its remedy against him before the other will exercise its jurisdiction over the same defendant."

In Com. ex rel. Forsythe v. Myers, 200 Pa. Superior Ct. 636, 639, 189 A. 2d 920 (1963), it is said: "When a person has violated the criminal statutes of two different sovereigns, it is for the interested sovereigns and not the criminal to settle which shall first inflict punishment."

We are of the opinion that both the Commonwealth and the United States have jurisdiction.

***

2. Act of December 6, 1972, P.L. 1482, 18 C.P.S.A. §3304(a).

## SUFFICIENCY OF EVIDENCE

The hearing judge found Mr. Moyer and Officer Brossman credible witnesses. Mr. Moyer had ample opportunity to observe the boys' acts, their size, clothing, and hair style. He was positive in his identification both on direct and cross-examination. His description to the officer was consistent with the appearance of the boys whom the officers arrested. The court was satisfied that the Commonwealth met its burden of proof beyond a reasonable doubt.

A fact which was not commented on by counsel at the hearing is that under the criminal mischief charge the damage is in a sum which renders it a summary offense. It was stipulated that the total damage to the mail boxes amounted to $65. Under the statute damage amounting to $500 or less is a summary offense,[3] and the juvenile court has no jurisdiction over that class of offenses.[4] Therefore an adjudication of delinquency could be made only if another base existed.[5]

The Crimes Code provides[6]:

"Resisting Arrest or Other Law Enforcement

"A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial

---

3. Section 3304(b).

4. 11 P.S. §50-102(2).

5. Gillen Appeal, 236 Pa. Superior Ct. 521, 344 A. 2d 706 (1975).

6. Section 5104.

risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance."

The police officer testified that the boy aimed a kick toward the officer's groin, that a struggle ensued, and that the boy broke away before he was finally handcuffed. This is ample evidence of the offense charged.

The minor was also charged with simple assault which is defined in part as follows:[7] "(a) Offense defined. A person is guilty of assault if he: (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another."

We think that the evidence of the kicks supports this charge.

## IDENTIFICATION

At the hearing, counsel for the juvenile complained that the "one on one" identification by Mr. Moyer was unfair and should be suppressed. The application to suppress was untimely, but the hearing judge based his refusal to suppress on other grounds. The ruling principle is that evidence of prompt on-the-scene confrontations is not a violation of due process absent some special elements of unfairness: Com. v. Turner, 454 Pa. 520, 314 A. 2d 496 (1974); Com. v. Jones, 231 Pa. Superior Ct. 323, 331 A. 2d 788 (1974). We find no such elements here. The likelihood of misidentification was remote. The age, size, and clothing of the boys who were arrested fitted the description given by the witness to the officers. Their condition of sobriety

---

7. Section 2701.

was consistent with the report. They were found only a block and a half from the scene within minutes following the commission of the offense.

## REFUSAL OF CONTINUANCE

At the conclusion of the Commonwealth's case and after a demurrer was overruled, counsel for the minor moved for a continuance to subpoena the boy who was arrested with Hugh McDowell. No reason was given why this witness was not subpoenaed before the hearing. No reason was given why the application for a continuance had not been made before the hearing as provided in Pa.R.Crim.P. 301(b). Under these circumstances refusal of a continuance was proper: Com. v. Riddick, 232 Pa. Superior Ct. 333, 334 A. 2d 705 (1975).