401 A.2d 776

**COMMONWEALTH of Pennsylvania**

v.

**Charles BYNUM, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 29, 1977.

Decided April 12, 1979.

14

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Michael R. Stiles, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, President Judge:

Appellant takes this appeal from his conviction for robbery, conspiracy, and violation of the Uniform Firearms Act.

Appellant raises several issues in his brief. We find appellant's arguments concerning his conspiracy conviction to be meritorious and therefore reverse that conviction. However, appellant's other arguments are not sound and we affirm appellant's convictions for robbery and violation of the Uniform Firearms Act.

On the evening of July 27, 1975, the Arco gas station at the corner of 26th Street and Girard Avenue in Philadelphia, Pennsylvania was robbed. The attendant on duty at the station that night was Claude Taylor. Approximately two weeks later, on August 13, 1975, Taylor was again working at the station when, at approximately 8:00 P.M., he thought he saw the two men who committed the robbery walk past the station. Taylor was on the telephone at that time talking to his girlfriend and he told her to call the police because he was afraid that he was going to be robbed again. As he was speaking to her, Taylor saw the two men cross the street, stop, turn to look at the station, then continue walking east on Grand Avenue. Officer Edward McIlvaine responded to Taylor's call and went to the Arco station, where the officer was met by Taylor. Taylor told the officer about the previous robbery and about spotting the two suspected robbers. Taylor said he saw the men walk east on Girard Street and told Officer McIlvaine that the one man was wearing a white hat and a black coat while the other wore a black coat, dungarees and white sneakers. Relying on this information, Officer McIlvaine proceeded east on Girard Avenue and he soon spotted appellant and his co-defendant, Pearlie Perdie.[1] The officer stopped the pair and frisked them, seizing a handgun from Perdie. The two were then handcuffed, put in the police van, and taken back to the Arco station for identification. Taylor first identified the men at the gas station and again, later, at the police station.

---

1. There is some discrepancy in the spelling of Pearlie Perdie's last name. In the record of the trial, it is spelled "Purdie," however in the co-defendant's appeal to this court, his name was spelled as "Perdie." See *Commonwealth v. Perdie*, 249 Pa.Super. 406, 378 A.2d 359 (1977). We will continue to use the "Perdie" spelling.

In his brief, appellant claims that his arrest lacked probable cause, arguing that the general description of appellant's clothing, supplied by Taylor, was not enough. We do not agree. To be constitutionally valid, a warrantless arrest must be based on probable cause. *Commonwealth v. Dickerson*, 468 Pa. 599, 364 A.2d 677 (1976); *Commonwealth v. Brooks*, 468 Pa. 547, 364 A.2d 652 (1976); *Commonwealth v. Roscioli*, 240 Pa.Super. 135, 361 A.2d 834 (1976); *Commonwealth v. Hunter*, 240 Pa.Super. 23, 360 A.2d 702 (1976). Probable cause for a warrantless arrest exists when there are facts available at the time of the arrest which would justify a reasonable man in believing that the suspect either is committing or has committed a crime. *Commonwealth v. Perkins*, 473 Pa. 116, 373 A.2d 1076 (1977); *Commonwealth v. Levesque*, 469 Pa. 118, 364 A.2d 932 (1976); *Commonwealth v. Trefvy*, 249 Pa.Super. 117, 375 A.2d 786 (1977); *Commonwealth v. Wilson*, 245 Pa.Super. 415, 369 A.2d 471 (1976). The probable cause test is not the equivalent of proof beyond a reasonable doubt but one of probabilities, not certainties. *Commonwealth v. Dickerson*, 468 Pa. 599, 364 A.2d 677 (1976). General descriptions of a suspect which are equally applicable to large numbers of people will not usually support a finding of probable cause, particularly where the arrest does not immediately follow the crime. *Commonwealth v. Jackson*, 459 Pa. 669, 331 A.2d 189 (1975); *Commonwealth v. Richards*, 458 Pa. 455, 327 A.2d 63 (1974). However, since probable cause for arrest depends upon the particular facts of the case, each case must be analyzed in light of its own particular circumstances. *Commonwealth v. Youngblood*, 241 Pa.Super. 72, 359 A.2d 456 (1976).

In the instant case, the arresting officer, Officer McIlvaine, knew more than most what the suspect was wearing. The officer also knew what kind of clothes the suspect's companion was wearing and in which direction and street the men were walking. More significantly, the officer had reason to believe that appellant and his companion had committed a crime because the officer was told by the victim of the robbery, Taylor, that he believed these men were the

robbers. Additionally, appellant and his co-defendant were found only ten minutes away (walking distance) from the station, which would coincide with the approximate time which the two were first seen by Taylor. Also to be considered is Officer McIlvaine's testimony that these two men were the only people he saw on that street and matched the victim's description. In many respects, the instant case compares with *Commonwealth v. King*, 247 Pa.Super. 443, 372 A.2d 908 (1977). In *King*, the suspect was said to have burglarized a home on Florence Avenue in Philadelphia at 1:00 A.M. and then a second on 921 South 49th Street at 2:45 A.M. At 3:30 A.M., Officer Albert Durso received a bulletin over his police radio to watch for a suspect, described as a "negro male of a stated height with blue plants, blue hat, of a 'flop type' and [wearing a] waist-length jacket." 247 Pa.Super. at 445, 372 A.2d at 909. Shortly after receiving the call, Officer Durso saw appellant King proceeding west on Warrington Avenue between Forty-ninth and Fiftieth Streets. Officer Durso testified at trial that there were only one or two other negro males on the street in that vicinity at that time and King was the one who fit the description of the suspect. Furthermore, the officer was aware that the place of the stop was no more than a block from the burglarized Alston apartment. Therefore, the officer stopped King and frisked him, uncovering one small knife and a larger carving knife, in addition to $166.00 in paper money and $8.54 in change. The suspect was then taken to the Alston and Croce apartments where he was identified by the victims. We held that under the particular circumstances of that case, including the fact that there were only one or two other people on the street at that time, the description of the suspect supported probable cause.

In equal measure, the facts of the case now before this court support probable cause for arrest. The description of the clothing worn by the two suspects, the fact that the victim told the police that he had seen these two men twice before (together), once during the robbery itself and again at the service station two weeks later, is significant. More-

over, appellant and Perdie were apprehended on the particular street and walking in the direction indicated by the victim only minutes after the phone call to the police and were the only people seen in that area by the officer. We find these particular circumstances to be sufficient to justify probable cause to arrest appellant and his co-defendant.

■ Appellant also argues that the on-the-scene identification that followed his and Perdie's arrest was impermissibly suggestive and for this reason should have been excluded from the evidence at trial. This precise issue was raised previously by co-defendant Perdie in his appeal to this court and we found it to be without merit. See *Commonwealth v. Perdie*, 249 Pa.Super. 406, 378 A.2d 359 (1977). Similarly, we are not now persuaded by appellant's identical argument. See *Commonwealth v. Turner*, 454 Pa. 520, 314 A.2d 496 (1974).

■ Lastly, appellant argues that the evidence was insufficient to sustain his conviction for conspiracy to commit robbery on August 13, 1974. The Commonwealth did not charge appellant and his co-defendant with conspiracy in connection with the actual robbery on July 27, 1975, but instead charged appellant with conspiracy to commit a robbery on August 13, 1975, the night which the two men simply walked past the Arco station in question and stopped momentarily to look at the station. As with the immediately preceding issue, this argument was raised and decided in Perdie's appeal. We found this argument to be sound and we reversed Perdie's conviction for conspiracy. *Commonwealth v. Perdie*, supra. Bynum's conspiracy conviction is also reversed.

Therefore, appellant Bynum's conspiracy conviction is hereby reversed, and conviction affirmed as to all other charges.

JACOBS, former President Judge, WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.