340 A.2d 431

**COMMONWEALTH of Pennsylvania**

**v.**

**Robert Virgil YARNAL, Appellant.**

Supreme Court of Pennsylvania.

Argued March 10, 1975.

Decided July 7, 1975.

200

---

W. Parker Ruddock, Indiana, for appellant.

W. Thomas Malcolm, Dist. Atty., Indiana, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

On March 22, 1965, Robert Virgil Yarnal entered a plea of guilty in Indiana County to murder generally. Following an evidentiary hearing, he was found guilty of murder in the first degree and sentenced to life imprisonment. A direct appeal to this Court with the assistance of counsel resulted in an affirmance of the judgment.[1] See *Commonwealth v. Yarnal*, 429 Pa. 6, 239 A.2d 318 (1968), cert. denied, 396 U.S. 911, 90 S.Ct. 224, 24 L.Ed.2d 186 (1969). Instantly, Yarnal appeals from an order of the trial court dismissing without a hearing a petition for post conviction relief.[2]

---

1. Although the appeal was filed beyond the prescribed period, the appeal was allowed as if timely filed.

2. The petition was filed pursuant to the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 et seq. (Supp. 1974–1975).

■■ The record discloses that the instant petition is the second petition filed by Yarnal in the trial court seeking post conviction relief.[3] In each instance, he has been assisted by counsel. The first petition was denied after a counseled evidentiary hearing. The record further discloses that with one single exception every assignment of error asserted by Yarnal in his second petition has been adjudicated against him previously. He may not litigate these issues again. See *Commonwealth v. Simon*, 446 Pa. 215, 285 A.2d 861 (1971). The only new assignment of error now asserted is the denial of effective trial counsel. However, no "extraordinary circumstances" are averred in the petition to explain why this issue was not raised previously, either in the direct appeal or in Yarnal's first petition seeking collateral relief. In each of these proceedings, Yarnal was represented by counsel other than trial counsel. Under such circumstances, the issue of effective counsel has been waived. See Section 4(b) of the Post Conviction Hearing Act, supra. See also *Commonwealth v. Hines*, 461 Pa. 271, 336 A.2d 280 (1975); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975); *Commonwealth v. Simon*, supra, and *Commonwealth v. Hill*, 444 Pa. 75, 279 A.2d 170 (1971).[4]

Order affirmed.

3. Yarnal also sought a writ of habeas corpus in the United States District Court for Western Pennsylvania. Relief was denied and the United States Court of Appeals for the Third Circuit denied an appeal.

4. The district attorney of Indiana County has failed to file a brief on behalf of the Commonwealth in this appeal, and this is not the first time this office has been guilty of this dereliction. This lack of professional and official responsibility is emphatically condemned.