350 A.2d 822

**COMMONWEALTH of Pennsylvania**

**v.**

**Letitia Denise SMALLWOOD, Appellant**

**(two cases).**

Supreme Court of Pennsylvania.

Argued Nov. 18, 1975. (J–379)

Decided Jan. 29, 1976.

Cecil B. Moore, Philadelphia, for appellant.

Edgar B. Bayley, 1st Asst. Dist. Atty., Carlisle, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

On January 11, 1973, appellant Letitia Denise Smallwood was convicted of arson and two counts of murder in the first degree following a jury trial. Her trial counsel filed post-trial motions urging that her conviction was (1) contrary to the evidence, (2) contrary to the weight of the evidence, and (3) not supported by proof of arson beyond a reasonable doubt. Shortly after post-trial motions were filed, trial counsel was replaced by new counsel (hereinafter "appellate counsel") who was to brief and argue post-trial motions and file any subsequent appeal.

Argument on post-trial motions was initially scheduled for May 29, 1973, but was rescheduled for June 20, 1973 for appellate counsel's convenience. Appellate counsel failed to appear at the June 20, 1973, hearing and also

failed either to file a brief or to offer any excuse for his absence. Hearing on the post-trial motions was rescheduled for July 11, 1973. On the appointed date, appellate counsel again failed to appear, to file a brief, or to offer any excuse for his absence. On September 10, 1973, appellate counsel filed a brief arguing the points listed above and requesting permission to present other arguments when the notes of voir dire examination of jurors were transcribed. The trial court scheduled argument for post-trial motions for November 27, 1973. Once again, appellate counsel failed to appear to argue the motions.

Without rescheduling argument, the trial court proceeded to decide post-trial motions, denying them on the merits in an opinion filed January 10, 1974. On January 30, 1974, appellate counsel petitioned for reargument of the post-trial motions and requested that the notes of voir dire examination be transcribed. These motions were denied by the trial court in an opinion filed February 15, 1974, because all issues raised by post-trial motions had been properly treated in its original opinion and because any issue based upon the voir dire examination of jurors had long since been waived. The refusal to transcribe the notes of voir dire examination was appealed to this Court, but the Commonwealth's motion to quash the appeal was granted on April 23, 1974.

On direct appeal to this Court,[1] appellant, through appellate counsel, argues: (1) that she has not waived her claim of ineffective assistance of trial counsel by failure to raise the issue at post-trial motions; (2) that trial counsel was ineffective (a) in his conduct of voir dire examination of the jurors and (b) in his failure to request that the jury be sequestered during the trial; (3) that the Commonwealth's expert witness on the cause of the fire was not properly qualified on the record; and (4)

---

1. See Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1975).

that the evidence was not sufficient to prove guilt beyond a reasonable doubt. All of these allegations are either meritless or waived and we therefore affirm the judgment of the sentence.

## I. Ineffective Assistance of Counsel

■ Appellant properly notes that *Commonwealth v. Dancer,* 460 Pa. 95, 100, 331 A.2d 435, 438 (1975), compels appellants to present claims of ineffective assistance of trial counsel on direct appeal, if they are represented by new counsel. In this case we are confronted with an unusual situation. Appellate counsel entered an appearance in this case before post-trial motions were briefed or argued. He had ample opportunity to raise any trial error, including ineffectiveness of trial counsel, at this point in the proceedings. He justifies his failure to argue ineffectiveness of trial counsel with regard to the voir dire examination of jurors by stating that the notes of the voir dire examination, necessary to spot the issue, were not available until January 9, 1975. Accepting for the moment that this excuses the failure to raise the issue at post-trial motions, it is not adequate to excuse the failure to argue ineffective assistance of counsel with regard to the failure to request that the jury be sequestered. All of the information necessary to brief and argue this issue was available to appellate counsel at the time post-trial motions were briefed. The ineffectiveness of trial counsel with respect to his failure to request that the jury be sequestered during the trial is waived.[2]

■ Assuming, without deciding, that the unavailability of the transcribed notes of voir dire examination at post-trial motions excused the failure to raise trial counsel's ineffectiveness at that time, the claim fails on its

2. See *Commonwealth v. Yarnal,* 462 Pa. 199, 340 A.2d 431 (1975); *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975); *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975); cf. *Commonwealth v. Strachan,* 460 Pa. 407, 333 A.2d 790 (1975).

merits. Appellate counsel argues that trial counsel was ineffective in two ways: (1) he did not adequately question those jurors who admitted having read about appellant's case in the newspapers and (2) he failed to object to the use, without definition, of the phrase "circumstantial evidence" by the prosecutor during his voir dire of jurors.

There are several difficulties with these claims. First, appellate counsel misapplies the test of ineffectiveness of counsel. The test has been stated often:

"[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests."

*Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967) (emphasis in original). In this case there are many possible reasons, designed to effectuate appellant's interests, for the course chosen by trial counsel. He may have felt that close questioning of the four jurors who had read about the case in the newspapers would have alienated them or other members of the panel or jury. Counsel may have felt that the newspaper articles were fair reports or were favorable to appellant. He may have felt that it would be useful to have jurors who were already familiar with the facts of the case. He may have had other reasons for not objecting to the seating of these four prospective jurors. For example, juror number 79, whose voir dire examination is quoted by appellant as an example of trial counsel's failure, was acquainted with appellant's mother. Trial counsel may have wished this juror seated for this reason, entirely apart from any pretrial knowledge of the case. On this record, we are unable to conclude that there was no reasonable basis for the course chosen by trial counsel.

Second, appellant fails to allege that she suffered any prejudice as a result of trial counsel's alleged ineffective-

ness. There is no claim that the pretrial articles were in any way prejudicial or inflammatory, nor is there any claim that one or more of the jurors had formed a fixed opinion of the case. Given the adequacy of the questioning by the trial court, and the generally thorough voir dire examination of each prospective juror, it is difficult to understand how appellant was, or could have been prejudiced. On this record, trial counsel's failure to question prospective jurors about the newspaper reports was not ineffective assistance of trial counsel.

Appellant also urges that trial counsel was ineffective on voir dire by failing to object to the use of the term "circumstantial evidence" by the prosecutor without prior definition. This claim is meritless. The term was, with one exception, explained to any juror who had difficulty with the concept. In that case, the juror's inability to answer simple questions and to grasp simple ideas was probably as harmful to the defense as to the prosecution who challenged for cause.

Appellant's arguments for reversal based upon the alleged ineffectiveness of trial counsel fail.

## II. The Qualification of the Commonwealth's Expert

Appellant next argues that the Commonwealth's witness, who testified that the fire which appellant was convicted of setting was incendiary in origin, was not properly qualified on the record. The qualification of expert witnesses is within the trial court's discretion. *Commonwealth v. Cavalier*, 284 Pa. 311, 131 A. 229 (1925); *Commonwealth v. Ametrane*, 205 Pa.Super. 567, 210 A.2d 902 (1965), aff'd 422 Pa. 83, 221 A.2d 296 (1966); McCormick on Evidence § 13 (1972). In this case the witness stated that he was a state deputy fire marshall and that he had actively engaged in fire investigations for more than seven years. On this record it was not an abuse of discretion for the trial court to allow the witness to testify as an expert. Furthermore, the is-

sue is not preserved for appellate review because defense counsel did not object to the testimony at trial, and this failure is not assigned as an instance of trial counsel's ineffectiveness.

## III.   The Sufficiency of the Evidence

■■   Appellant claims that the evidence is not sufficient to prove her guilt beyond a reasonable doubt.   The test for sufficiency of evidence, following a criminal trial, is whether the evidence, viewed in the light most favorable to the Commonwealth, drawing all inferences favorable to the Commonwealth, is sufficient to prove guilt beyond a reasonable doubt.   See *Commonwealth v. Robson*, 461 Pa. 615, 625, 337 A.2d 573, 578 (1975) ; *Commonwealth v. Boyd*, 461 Pa. 17, 334 A.2d 610 (1975) ; *Commonwealth v. Murray*, 460 Pa. 605, 334 A.2d 255 (1975).

The evidence introduced at appellant's trial was:

(1) that appellant and one Mike Baltimore were romantically involved;

(2) that Mike Baltimore was living with one Paula Wagner in her apartment which was located on the third floor of the building which burned;

(3) that witnesses overheard appellant make threats to both Baltimore and Wagner because Baltimore would not leave Wagner for appellant;

(4) that the fire was deliberately set;

(5) that Paula Wagner and one Steven Johnson died of injuries sustained as a direct result of the fire;

(6) that appellant visited Baltimore in the hospital, was visibly upset, and when comforted by hospital employees was heard to say "I'm responsible for him being here," and "you don't understand, you don't understand, it's because of me the fire started";

(7) and that appellant's alibi was disproven by the Commonwealth's witnesses.

400

This evidence was sufficient to prove that appellant set the fire which resulted in the death of Paula Wagner and Steven Johnson.

Judgment of sentence affirmed.

NIX, J., concurs in the result.

MANDERINO, J., filed a dissenting opinion.

JONES, C. J., did not participate in the consideration or decision of this case.

MANDERINO, Justice (dissenting).

I dissent. I cannot agree that the evidence was sufficient to prove the appellant's guilt beyond a reasonable doubt. There was no direct evidence linking the appellant to the setting of the fire. The evidence introduced by the prosecution established a motive but motive alone can never be the basis for a conviction. The only other positive evidence was the statement made by appellant in the hospital. It is vague and by no means an admission that the appellant started the fire.