432 A.2d 590

COMMONWEALTH of Pennsylvania

v.

George BUTLER, Appellant.

Supreme Court of Pennsylvania.

Submitted March 2, 1981.

Decided July 16, 1981.

See also 273 Pa.Super. 637, 422 A.2d 1171.

84

John Halley, Court-appointed, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Pittsburgh, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

O'BRIEN, Chief Justice.

Appellant, George Butler, was found guilty of murder of the first degree on October 11, 1974, for the beating death of Captain Walter Peterson, a corrections officer at the State Correctional Institution at Pittsburgh. Post-verdict motions, filed *nunc pro tunc*, were denied, and appellant was sentenced to life imprisonment on September 30, 1975. No direct appeal was taken.

On June 30, 1977, appellant, by new counsel, filed a petition under the Post-Conviction Hearing Act[1] [PCHA] alleging the ineffectiveness of trial counsel. Following a hearing, the Court denied relief and an appeal was taken to this court. A Superior Court Special Transfer Panel heard the appeal and, in a Per Curiam Opinion, affirmed the denial of relief. *Commonwealth v. Butler*, 273 Pa.Super. 637, 422 A.2d 1171 (1979).

In July, 1978, appellant filed a second PCHA petition again claiming ineffective assistance of trial counsel. This petition was denied without a hearing. A third petition, filed in April, 1980, by new (and present) counsel, alleged the ineffectiveness of both trial and post-conviction counsel. The petition was denied and this appeal followed.

George Butler now asserts on appeal that his third PCHA petition was improperly denied without a hearing. Implicit in such a claim is the contention that his petition states grounds which, if proven at a hearing, would entitle him to relief. Certain of appellant's claims of ineffectiveness are directed toward trial counsel's representation. However, the claims are identical to issues raised in appellant's first PCHA petition. As previously noted, an evidentiary hearing was held to consider those issues, and the hearing court's denial of relief was affirmed on appeal.

1. Act of January 25, 1966, P.L. 1580, 19 P.S. §§ 1180-1 *et seq.*

*Commonwealth v. Butler, supra.* When a defendant charges counsel with ineffectiveness and relief is denied after an evidentiary hearing, the claim is finally litigated and cannot be raised in a new PCHA petition. *Commonwealth v. Yarnal,* 462 Pa. 199, 340 A.2d 431 (1975). Thus, the denial of the present petition without a hearing, as it pertains to the allegations of ineffective assistance of trial counsel, was proper.[2]

Appellant also alleges the ineffective assistance of his first post-conviction counsel. Our review is governed by *Com. ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). Inquiry ceases and counsel is deemed to have been effective once the court is able to conclude that counsel's actions had a reasonable basis designed to effectuate his client's interest. If the allegation of ineffective assistance is not of arguable merit, however, a determination of whether or not a reasonable basis exists for counsel's actions is unnecessary, *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977), for counsel cannot be found ineffective for failing to assert a baseless claim. *Commonwealth v. Hosack,* 485 Pa. 128, 401 A.2d 327 (1979).

The PCHA provides for an evidentiary hearing if it cannot be determined from the record whether counsel's actions had a reasonable basis. However, the right to a hearing is not absolute. *Commonwealth v. Sherard,* 483 Pa. 183, 394 A.2d 971 (1978). Relief may be denied without a hearing if the record reveals that counsel's actions were reasonable. *See, Commonwealth v. Turner,* 469 Pa. 319, 365 A.2d 847 (1977).

Appellant argues that his first post-conviction counsel refused to subpoena certain witnesses to appear at the evidentiary hearing. However, present counsel has not found it necessary to expand further on this allegation of

---

2. Section 9 of the PCHA provided, in pertinent part,
   "The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held at trial or at any later proceeding."
   19 P.S. § 1180–9, substantially reenacted Pa.R.Crim.P. 1504.

error. We assume, from the statement of the issue in appellant's PCHA petition, that appellant desired the witnesses to appear because he believed they could have proven that two Commonwealth trial witnesses had committed perjury. At the evidentiary hearing, first post-conviction counsel advised the court that the witness would not aid in resolving the issues set forth in the petition. The court agreed with counsel but permitted appellant to state on the record his reasons for wanting to call the witnesses. Appellant claimed the witnesses could establish what pre-trial proceedings appellant had been afforded and could testify to the contents of the crime laboratory report. The hearing judge found that these matters were part of the record and denied appellant's request.[3] Appellant does not further detail the substance of the proposed witnesses' testimony or its relevancy. As the substance of the witnesses' testimony, as described by appellant, could be established by a reading of the record, the refusal to present the testimony of witnesses who add nothing to the case was not ineffective assistance. See Commonwealth v. Twiggs, 479 Pa. 162, 387 A.2d 1273 (1978).

Appellant next claims that post-conviction counsel did not question trial counsel's failure to take a direct appeal. This claim is directly refuted by the record. At the evidentiary hearing trial counsel testified that appellant had been adequately informed of his rights of appeal. He further asserted that appellant had advised him that he no longer desired his services or those of the Office of the Public Defender, and that he would obtain private counsel. Post-conviction counsel, on appeal to the Superior Court Special Transfer Panel, argued that trial counsel was ineffective for complying with appellant's wishes because the statement was made when appellant was distressed. As noted, supra, the Special Transfer Panel affirmed the order of the Court of Common Pleas, thereby finding this argu-

3. The pre-trial proceedings are, of course, noted in the record. The crime laboratory report was admitted at trial pursuant to a stipulation by counsel.

ment to be without merit. Clearly, post-conviction counsel activity pursued trial counsel's failure to file a direct appeal. Appellant's attempt to resurrect the issue must be the result of careless research and preparation or a complete disregard of the PCHA's proscription of claims that are finally litigated. In either case, this allegation is totally without merit. Within the purview of this claimed error, appellant states that he was confined at Farview State Hospital prior and subsequent to sentencing. However, he does not suggest that his confinement affected his ability to understand the sentencing proceeding nor does he suggest evidence is available to support this claim. The mere fact that appellant was placed in a mental hospital after conviction is insufficient to support a finding of incompetence, *Commonwealth ex rel. Hilberry v. Maroney*, 424 Pa. 493, 227 A.2d 159 (1967), and insufficient to form the basis for relief.

▪ Appellant also asserts that post-conviction counsel failed to charge trial counsel with perjuring himself at the evidentiary hearing. The suggested objectionable testimony by trial counsel was to the effect that there were no witnesses who would have testified on behalf of the defense at trial. At the evidentiary hearing, trial counsel stated that he reviewed a list of witnesses given to him by appellant and concluded that none of those available to testify would be helpful to the defense. Two of those on the list included appellant's co-defendants, Stanley Hoss and Daniel Delker. The record discloses that trial counsel had been advised by their counsel that Hoss and Delker were not free to testify. There is no indication from this testimony that trial counsel was committing perjury. It is clear that all of the above claims lack arguable merit and counsel had no obligation to pursue them. *Commonwealth v. Hubbard, supra.*

Finally, appellant suggests that post-conviction counsel should have pursued the issue of the hearing judge's bias. However, as counsel does not allege why or how the judge was biased, we must resort to the posture of the allegation as stated in appellant's petition. Mr. Butler there asserts

that the hearing judge was biased because (1) he also had been appellant's trial judge and had refused to permit appellant to call witnesses at trial and at the evidentiary hearing, (2) he denied appellant a copy of his transcripts, (3) he had ordered appellant to be bound in handcuffs and leg shackles during the evidentiary hearing, and (4) he did not advise appellant of his appeal rights. Thus, he claims that post-conviction counsel was ineffective for failing to assert the judge's bias and for failing to request that another judge preside at the evidentiary hearing.

Initially, we note that it is permissible for the trial judge to preside at an evidentiary hearing unless the interests of justice in a particular case require otherwise. *Commonwealth v. Strader*, 262 Pa.Super. 166, 396 A.2d 697 (1978). "In fact, such a procedure is often of benefit to all concerned since the judge is already familiar with the case and may be better able to decide the issues presented." *Id.,* 262 Pa.Super. at 176, 396 A.2d at 703. The present Rules of Criminal Procedure, in fact, provide for assignment of a PCHA petition to the judge who presided at trial unless it should appear necessary, in the interests of justice, to assign it to another judge. Pa.R.Crim.P. 1502(b).

We have previously noted the invalidity of the allegations that appellant was not permitted to call witnesses at trial and at the hearing and that appellant was not advised of his appeal rights. As to appellant's claim that he was denied copies of the transcripts, the record reveals that the allegation is without merit. When filing the notice of appeal upon the denial of appellant's first PCHA petition, counsel noted that the official transcripts had been incorporated into the record. The "Certificate of the Contents of the Remanded Record" issued by the Prothonotary of the Superior and Supreme Courts indicates that three transcripts were included in the record presented in the appeal following the denial of post-conviction relief. Apparently, the only transcript not available was the sentencing transcript and it is at that proceeding that appellant claims he was not informed of his appellate rights. He suggests, then,

that a hearing is necessary to develop an alternative record of the events on which his claim is based.

Clearly, however, such an alternative record exists; post-conviction counsel pursued this claim at the evidentiary hearing. We discussed, *supra*, testimony concerning this issue elicited at the hearing: appellant's failure to take a direct appeal, his knowledge of his right to do so, and post-conviction counsel's pursuit of this issue at the hearing. Thus, the claim of bias directed toward the hearing judge in not providing the sentencing transcript lacked arguable merit, and counsel had no obligation to pursue it.

The final aspect of this allegation of bias that we must consider is appellant's assertion that the hearing judge ordered him to be bound in hand cuffs and leg shackles at the evidentiary hearing. The record discloses, quite to the contrary, that the court ordered appellant's restraints to be removed at the beginning of the hearing. The interests of justice were properly respected by the presiding judge; thus, there was no basis for counsel to object.

It is evident from a reading of the record that appellant has presented no meritorious ground for relief.

The Order of the Court of Common Pleas is affirmed.

NIX, J., concurs in the result.

LARSEN, J., files a concurring opinion.

FLAHERTY, J., files a concurring opinion in which KAUFFMAN, J., joins.

LARSEN, Justice, concurring.

I agree with the majority's disposition of this case. I also agree with its analysis of the issues that have been finally litigated and are, hence, improper subjects for the PCHA petitions.

However, for the reasons set forth in my opinion in *Commonwealth v. Alexander*, 495 Pa. 26, 432 A.2d 182 (1981), I cannot accept the majority's analysis of the remaining issues. That analysis perpetuates the misguided notion

that "the utterance of the magic words 'ineffective assistance of counsel' . . . establish[es] an automatic right to bring multiple PCHA proceedings. . . ." "*Id.,* 495 Pa. at 33, 432 A.2d at 185. Such a notion is not countenanced by the PCHA which explicitly stated the intention of the General Assembly to provide *one* post-conviction review procedure. 19 P.S. § 1180–5(b), 1180–4(b)(2) and 1180–4(c); *Commonwealth v. Watlington,* 491 Pa. 241, 420 A.2d 431, 436–37 (Flaherty, J., dissenting; joined by Kauffman, J.)

It is not true that "[t]he PCHA provides for an evidentiary hearing if it cannot be determined from the record whether counsel's actions had a reasonable basis . . . [or that] [r]elief may be denied without a hearing if the record reveals that counsel's actions were reasonable." 495 Pa. at 31, 432 A.2d at 183. The PCHA does not equate the absence of a reasonable basis on the record (one component of the ineffective assistance of counsel standard) with the necessity of granting a hearing, as the majority would have it. Rather, the PCHA, § 1180–9, provides:

If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held at the original trial or at any later proceeding.

The petitioner shall have a full and fair hearing on his petition. The court shall receive all evidence, which shall be recorded, that is relevant and necessary to support the claims in the petition, including affidavits, depositions oral testimony, certificate of the trial judge, and relevant and necessary portions of transcripts of prior proceedings.

The petitioner has the right to appear in person at the hearing.

Moreover, this provision applies *only* to the first PCHA petition—the *one* petition contemplated by the PCHA. As to subsequent petitions filed, other considerations apply and must be factored into the lower court's decision whether to grant a hearing. *Commonwealth v. Alexander, supra,* 495 Pa. at 35–39, 432 A.2d at 186–188. In the instant case, all of the issues raised by appellant's *third* petition have been finally litigated, are lacking in specific factual predicate[1] or are frivolous,[2] especially in light of the number, nature and quality of the prior petitions. I would, accordingly, affirm the order of the Court of Common Pleas on the basis of the foregoing (*Alexander*) analysis.

FLAHERTY, Justice, concurring.

Once again this Court is called upon to review one in a string of apparently endless P.C.H.A. petitions from an appellant convicted of murder of the first degree. The present P.C.H.A. petition is appellant's *third*, and in it appellant argues that both trial counsel and post-conviction counsel were ineffective. All of the claims are without merit and one of them has been finally litigated. To date, this case has received two post-conviction appellate reviews. As stated in my dissenting opinion in *Commonwealth v. Watlington,* 491 Pa. 241, 420 A.2d 431 (1980), absent extraordinary circumstances, the Post Conviction Hearing Act gives

---

1. The issue that first post-conviction counsel "refused to subpoena certain witnesses to appear at the evidentiary hearing" is without specific factual predicate demonstrating what prejudice may have been caused by the asserted ineffectiveness. The majority opinion acknowledges that "counsel has not found it necessary to expand further on this allegation of error" and was forced to "assume...that appellant desired the witnesses to appear because he believed they could have proven that two Commonwealth trial witnesses had committed perjury." The PCHA does not require, or encourage, this Court or the lower court to supply omissions in a PCHA petition with such assumptions, particularly petitions subsequent to the first.

2. The issues of PCHA counsel's failure to challenge trial counsel's failure to appeal, failure to charge trial counsel with perjury and failure to challenge the bias of the hearing judge are all frivolous as I believe has been demonstrated by the majority opinion. The relative worth of these issues has also been diluted by the number, nature and quality of the prior petitions.

an appellant convicted of a crime the right to file *one*—not three—P.C.H.A. petitions. Following my position in *Watlington*, I would deny the present petition because appellant does not raise colorable due process claims significantly implicating the truth determining process which, if unaddressed by the Court, might have the effect of imprisoning an *innocent* person.

KAUFFMAN, J., joins this concurring opinion.