J-S45004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL ECHEVARRIA | : | |
| | : | |
| Appellant | : | No. 1200 EDA 2020 |

Appeal from the PCRA Order Entered May 15, 2020
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001248-2008

BEFORE: BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY BOWES, J.: **FILED JANUARY 06, 2021**

Angel Echevarria appeals *pro se* from the order that denied his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We vacate the order and remand for further proceedings consistent with this memorandum.

In 2007, a conspiracy to rob James Garcia of a large sum of drug money was formed by Mr. Garcia's ex-wife, Susan Stohl; her then-paramour, Julio Lopez; Appellant; Hakim Wakeel; and another man. During the conspirators' raid of Garcia's house, both Mr. Garcia and Daniel Rivera, who was also present at the time, were shot. Mr. Garcia recovered but Mr. Rivera did not.

In 2010, following a trial at which Mr. Lopez and Ms. Stohl testified against Appellant, a jury convicted Appellant of second-degree murder, attempted murder, and various other crimes. Appellant was sentenced to life imprisonment without the possibility of parole, and his direct appeal resulted

in no relief. *See Commonwealth v. Echevarria*, 38 A.3d 930 (Pa.Super. 2011) (unpublished memorandum), *appeal denied*, 51 A.3d 837 (Pa. 2012).

Appellant's first PCRA petition was denied, and on appeal this Court affirmed. *See Commonwealth v. Echevarria*, 116 A.3d 678 (Pa.Super. 2014) (unpublished memorandum), *appeal denied*, 121 A.3d 494 (Pa. 2015). Specifically, this Court held that the PCRA court did not err in ruling that Appellant's trial counsel was not ineffective for failing to request a corrupt and polluted source jury instruction in connection with the testimony of Mr. Lopez and Ms. Stohl because, they "repeatedly denied they were promised anything in exchange for their testimony against Appellant." *Id*. at 13. We also agreed with the PCRA court's conclusion that the outcome of the trial would not have been different had the trial court given the instruction, since "the Commonwealth's case was not based solely on S[tohl]'s and Lopez's testimony, and instead it presented various pieces of evidence to support its charges against Appellant." *Id*. at 14. *See also id.*, at 9-10 (quoting the PCRA court's summary of the additional sources of evidence implicating Appellant).

Appellant initiated his second bid for PCRA relief in April 2018. Counsel became involved and amended pleadings were filed, but ultimately Appellant abandoned his claims by agreeing to the dismissal of his PCRA petition with prejudice. *See* Order, 5/6/19.

In February 2020, Appellant filed the *pro se* PCRA petition at issue in this appeal. Therein, he claimed that he was entitled to a new trial based upon the after-discovered evidence that "the Commonwealth case against him was based upon the tainted testimony of the sole witness against [him] who later in another proceeding admitted that he had in fact lied" at Appellant's trial. PCRA Petition, 2/20/20, at 3. Specifically, Appellant contended that at a 2016 PCRA hearing for Appellant's co-defendant Mr. Wakeel, Mr. Lopez admitted that he had lied at Appellant's trial when he denied "receiving special treatment for his testimony."[1] *Id*. at 7. Appellant claimed that the Commonwealth knew all along that Mr. Lopez lied at Appellant's trial, and that he had "recently learned of these corrupt tactics via a letter he received from his former attorney[.]" *Id*. at 12.

The PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907, indicating that Appellant failed to demonstrate that a miscarriage of justice occurred that would warrant it to entertain Appellant's "second or subsequent" PCRA petition. *See* Notice, 4/21/20, at 1 (quoting a Westlaw headnote for ***Commonwealth v. Lawson***, 549 A.2d 107 (Pa. 1988)). The PCRA court, which had presided at the 2016 hearing in Wakeel's case at which Mr. Lopez testified, indicated that Mr.

---

[1] Appellant attached to his PCRA petition excerpts of the transcripts of Lopez's testimony at Appellant's trial and at Wakeel's PCRA hearing. *See* PCRA Petition, 2/20/20, at Exhibits A and B.

- 3 -

Lopez's "recantation" testimony was unreliable and the outcome of the trial would not have been different had Mr. Lopez been impeached with it. *Id*. at 2. The PCRA court also cited the wealth of evidence other than Mr. Lopez's testimony which supported the Commonwealth's case.[2] *Id*. at 2-3. The court indicated that the petition was thus subject to dismissal without a hearing, and granted Appellant and the Commonwealth twenty days to respond. *Id*. at 3 (citing **Commonwealth v. Butler**, 432 A.2d 590 (Pa. 1981)). The court did not address the timeliness of Appellant's petition in its notice.

Although none is contained in the certified record, the PCRA court indicates that Appellant filed an objection to the dismissal notice.[3] The Commonwealth did not respond. Whatever Appellant stated in his objection did not sway the PCRA court's mind, and it denied the PCRA petition by order of May 15, 2020. Appellant filed a timely notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[4]

Appellant presents the following questions for our consideration:

---

[2] This is the same summary this Court cited, in conjunction with the fact that Mr. Lopez testified that he was given nothing in exchange for his testimony, when we ruled that Appellant was not prejudiced by counsel's failure to request the corrupt or polluted source jury instruction. **See Commonwealth v. Echevarria**, 116 A.3d 678 (Pa.Super. 2014) (unpublished memorandum at 9-10).

[3] The certified record does contain Appellant's proof of service of the objection, but not the objection itself.

[4] The PCRA court complied by directing us to the reasoning offered in the notice of intent to dismiss and order denying Appellant's petition.

- 4 -

I.      Did the PCRA court abuse its discretion when it dismissed [Appellant's] most rec[e]nt PCRA petition which was based on newly-discovered evidence, where [Appellant] met the requirements of § 9545(b)(1)(ii) for seeking such relief thereby creating a gross miscarriage of justice[?]

II.     W[ere Appellant's] constitutional due process rights violated where the Commonwealth's main witness against him recanted his statement/testimony at a later proceeding where he disclosed that he was given a deal by the Commonwealth for his testimony a fact that was not learned of by [Appellant] until after his trial which entitled him to a new trial in the interest of fairness and justice[?]

Appellant's brief at 4.

We begin with a review of the applicable legal principles.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Allison***, 235 A.3d 359, 362 (Pa.Super. 2020) (internal quotation marks omitted).

"Because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition, we must start by examining the timeliness of Appellant's petition." ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014). Indeed, "no court has jurisdiction to hear an untimely PCRA petition." ***Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa.Super. 2019). The pertinent statute provides as follows regarding the time for filing a PCRA petition:

Any petition [filed pursuant to the PCRA], including a second or subsequent petition, shall be filed within one year of the date the

- 5 -

judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, any petition invoking an exception to the one-year time bar "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

The Commonwealth's sole argument on appeal is that the PCRA court did not err in denying Appellant's petition because he failed to adequately plead and offer to prove one of the timeliness exceptions for his petition filed more than seven years after his judgment of sentence became final. *See* Commonwealth's brief at 7-10. Specifically, the Commonwealth contends that Appellant failed to state when he learned from his prior attorney that Mr. Lopez had disavowed his trial testimony concerning the lack of a deal in exchange for his testimony. *Id*. at 8-9. The Commonwealth also notes the absence of an explanation from Appellant as to why he could not have learned of Mr. Lopez's 2016 testimony earlier through the exercise of due diligence. *Id*. at

9-10. Hence, the Commonwealth asserts, Appellant failed to invoke the newly-discovered facts timeliness exception, and his petition was properly denied because the PCRA court "lacked jurisdiction to consider Appellant's claims." *Id*. at 10.

We agree that Appellant's PCRA petition does not allege precisely when he learned that Lopez admitted to giving false testimony at Appellant's trial. However, the petition does state that he "recently" learned it from "a letter he received from his former attorney[,]" and attached an October 30, 2019 letter to Appellant from Attorney Laurence Narcisi. PCRA Petition, 2/20/20, at 12, Appendix A. Although the attached letter mentions nothing about Mr. Lopez's 2016 testimony at Mr. Wakeel's PCRA hearing,[5] the petition as a whole could be construed to indicate that Appellant asserted to having learned of the new fact when he received the letter, presumably in early November 2019. Nonetheless, the Commonwealth is correct that the petition pleads no facts concerning the efforts Appellant took to discover these new facts, nor any to explain why he could not have discovered them earlier with the exercise of due diligence.

However, as noted above, the PCRA court cited only a substantive, merits-based reason for rejecting Appellant's petition in its April 2, 2020

---

[5] The letter states: "Enclosed you will find a copy of your court transcript; if you need additional information feel free to contact me at the above number." PCRA Petition, 2/20/20, at Appendix A.

- 7 -

notice. It did not notify Appellant that his petition inadequately pled the timeliness exception that he expressly sought to invoke. Further, although the PCRA court expressed its intention to dispose of Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907, which governs the dismissal of petitions without a hearing, its final order instead denied the petition on the merits.[6] **Compare** Pa.R.Crim.P. 907(1) (stating that a judge may issue notice of intent to "dismiss" a petition without a hearing if it determines that there are no genuine issues concerning material facts and no purpose would be served by further proceedings), **with** Order, 5/15/20 (indicating that Appellant's PCRA petition was thereby "denied").

This Court has explained that "[t]he purpose of a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims." **Commonwealth v. Smith**, 121 A.3d 1049, 1054 (Pa.Super. 2015). Since the PCRA court did not cite a deficiency in Appellant's pleading of the newly-discovered facts timeliness exceptions as its reason for dismissal, and the

---

[6] Although the terms are often used interchangeably, to "dismiss" is "to terminate (an action or claim) without further hearing, esp. before the trial of the issues involved." Black's Law Dictionary (11th ed. 2019). To deny, on the other hand, suggests rejection of the merits of a request. **See**, **e.g.**, https://www.merriam-webster.com/dictionary/deny (offering, as a definition of deny, "to refuse to accept the existence, truth, or validity of").

Commonwealth did not raise the issue below, Appellant did not have the "opportunity to seek leave to amend his petition and correct any material defects" in his pleading,[7] which would then enable this Court to address the merits-based analysis of his PCRA claim.[8]

Therefore, we vacate the order denying Appellant's petition, and remand for the PCRA court to make a determination of the timeliness of Appellant's petition before undertaking any analysis of its merits.[9]     ***Accord***

_____

[7] We reiterate that Appellant did submit a response to the notice that the PCRA court issued, but we know not what it contained because it was not included in the certified record.

[8] The Commonwealth does not offer an alternative analysis in support of the PCRA court's determinations that no hearing was necessary because it already heard Mr. Lopez testify on the subject in another case, or its substantive ruling that Mr. Lopez's admission to testifying against Appellant in exchange for the promise of favorable treatment would not change the outcome of the trial. If we had jurisdiction to consider the substance of Appellant's claim, we would be interested to hear the Commonwealth's position on (1) whether the happenings at a hearing at which Appellant was not present or represented are sufficient to make a hearing on Appellant's petition unnecessary; and (2) whether it is appropriate to rely on the same lack-of-prejudice analysis that the PCRA court offered in denying Appellant's first PCRA petition when this Court's affirmance of that denial was based in large part on the fact that Lopez had testified at trial that he had not been offered any favorable treatment.

[9] To the extent that Appellant contends that his petition should be deemed one for a writ of *habeas corpus* if relief is unavailable under the PCRA, ***see*** Appellant's brief at 12-13, we note that the Commonwealth aptly details in its brief authority establishing that Appellant's underlying claim is cognizable under the PCRA. ***See*** Commonwealth's brief at 10-11. The fact that some other provision of the PCRA may render the claim unreviewable at this time does not make *habeas corpus* available in its stead. ***See***, ***e.g.***, ***Commonwealth v. Fahy***, 737 A.2d 214, 224 (Pa. 1999) ("Simply because a petition is not considered because of previous litigation or waiver does not

- 9 -

***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) (indicating that the ***Lawson*** miscarriage-of-justice analysis pertains only after the jurisdictional requisite of timeliness has been satisfied).

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judge Murray joins the memorandum.

Judge Kunselman concurs in the result.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* <u>*1/6/2021*</u>

---

alter the PCRA's coverage of such claims or make habeas corpus an alternative basis for relief.").